# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: QUAKER OATS MAPLE & BROWN
SUGAR INSTANT OATMEAL MARKETING AND
SALES PRACTICES LITIGATION                                      MDL No. 2718

## ORDER DENYING TRANSFER

**Before the Panel:**[*]  Plaintiff in the Northern District of Illinois action moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Illinois.  This litigation concerns whether Quaker Oats Maple and Brown Sugar Instant Oatmeal products[1] actually contain maple syrup or maple sugar.  Plaintiff's motion encompasses the three actions in three districts listed on Schedule A, as well as a potential tag-along action pending in the Northern District of Illinois.

No party opposes centralization.  Plaintiffs in the District of New Jersey action and the Northern District of Illinois potential tag-along action support the motion. Plaintiffs in the Central District of California action support centralization in the Central District of California.  Defendant The Quaker Oats Co. (Quaker) supports centralization in the Central District of California or, alternatively, the Northern District of Illinois or the District of New Jersey.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary to serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation.  These putative nationwide class actions without doubt share some factual questions, but we find that those questions are neither sufficiently complex nor numerous to justify centralization.  These cases concern the allegedly misleading nature of defendants' oatmeal labels, which plaintiffs argue contains a picture of maple syrup but lacks actual maple syrup or maple sugar as an ingredient.   These cases more closely resemble the straightforward food and beverage

---

[*]  Judges Lewis A. Kaplan, Ellen Segal Huvelle, and Catherine D. Perry did not participate in the decision of this matter.  Additionally, certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1]  Quaker Oats Maple & Brown Sugar Instant Oatmeal, Quaker Oats Maple & Brown Sugar High Fiber Instant Oatmeal, Quaker Oats Maple & Brown Sugar Gluten Free Instant Oatmeal, Quaker Oats Maple & Brown Lower Sugar Instant Oatmeal, Quaker Oats Maple & Brown Sugar Weight Control Instant Oatmeal, and Quaker Oats Maple & Brown Sugar Organic Instant Oatmeal.

marketing and sales practices dockets that we have declined to centralize[2] than those involving more complex and numerous factual questions that we have centralized.[3]  Centralization is not needed to further the just and efficient conduct of these few, relatively uncomplicated cases.

We note that alternatives to centralization, such as voluntary cooperation and coordination among the parties and the three involved courts, are available to minimize any potential duplication in discovery or judicial efforts.  *See, e.g., In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).  Further, though we express no opinion on the viability of such relief, the parties may wish to consider seeking a stay, dismissal or transfer of the later-filed cases under the "first-to-file rule" to streamline this litigation.[4]

---

[2]  *See, e.g., In re: Nutella Mktg. and Sales Pracs. Litig.*, 804 F. Supp. 2d 1374 (J.P.M.L. 2011) (denying centralization of three nationwide class actions in two districts concerning "alleged misrepresentations of Nutella as a healthy and nutritious food"); *In re: Skinnygirl Margarita Beverage Mktg. and Sales Pracs. Litig.*, 829 F. Supp. 2d 1380 (J.P.M.L. 2011) (denying centralization of six nationwide class actions in six districts where "the central allegation that Skinnygirl Margarita beverage was marketed as being all natural despite some level of sodium benzoate appears to be undisputed"); *In re: Kashi Co. Mktg. and Sales Pracs. Litig.*, 959 F. Supp. 2d 1357 (J.P.M.L. 2013) (denying centralization where no party opposed centralization in S.D. California of four nationwide class actions in two districts alleging the presence of allegedly inappropriate terms "evaporated cane juice" or "evaporated cane juice crystals" in numerous products).

[3]  *See, e.g., In re: L'Oreal Wrinkle Cream Mktg. and Sales Pracs. Litig.*, 908 F. Supp 2d 1381 (J.P.M.L. 2012) ("Plaintiffs contend that defendants made numerous representations about the effectiveness of the products' anti-aging and restorative properties that were either not sufficiently supported, misleading or false."); *In re: Tropicana Orange Juice Mktg. and Sales Pracs. Litig.*, 867 F.Supp. 2d 1341 (J.P.M.L. 2012) ("These actions share factual questions arising out of allegations that Tropicana deceptively markets its not-from-concentrate orange juice as "100% Pure & Natural Orange Juice," when in fact the orange juice is extensively processed. Plaintiffs allege, *inter alia*, that Tropicana deoils, deaerates, and pasteurizes its orange juice, then stores the juice in refrigerated tanks for long periods of time, and adds chemically-engineered substances to mimic the flavor of "natural" orange juice."); *In re: Whole Foods, Inc., Greek Yogurt Mktg. and Sales Pracs. Litig.*, 65 F. Supp. 3d 1395 (J.P.M.L. 2014) ("These actions, all of which are putative class actions, share factual issues arising from highly similar allegations that Whole Foods 365 Greek Yogurt contains much more sugar than stated on its label, that defendants' marketing of the Yogurt was false and deceptive, and that defendants were negligent in testing the Yogurt, and in ensuring that the label was accurate.").

[4]  The "first-to-file rule" is a doctrine of federal comity, pursuant to which, "'when related cases are pending before two federal courts, the court in which the case was last filed may refuse to

(continued...)

-3-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
R. David Proctor

---

[4](...continued)
hear it if the issues raised by the cases substantially overlap.'" *In re: Spillman Dev. Group, Ltd.*, 710 F.3d 299, 307 (5th Cir. 2013) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir.1999)).

**IN RE: QUAKER OATS MAPLE & BROWN
SUGAR INSTANT OATMEAL MARKETING AND
SALES PRACTICES LITIGATION**                                   MDL No. 2718

## SCHEDULE A

Central District of California

EISENLORD v. THE QUAKER OATS COMPANY, ET AL., C.A. No. 2:16-1442

Northern District of Illinois

ALIANO v. THE QUAKER OATS COMPANY, C.A. No. 1:16-3087

District of New Jersey

GATES v. THE QUAKER OATS COMPANY, C.A. No. 1:16-1944